UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS ALBERTO CASTAÑO-LOAIZA,<br>JOHN FREDY QUIROZ-MEDINA,<br>a/k/a "Santiago,"<br><br>*Defendants.* | **Protective Order**<br><br>**19 Cr. 648** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a), (b), (d) and (e), the Court hereby finds and orders as follows:

1. The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who, as the Government submits, may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court; and

3. **Attorney's Eyes Only Material.** Certain of the Government's disclosure materials, including unredacted versions of Sensitive Disclosure Material, will contain personal information that could lead to the identification of witnesses who, as the Government submits, may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Attorney's Eyes Only Material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material designated as Sensitive Disclosure Material or Attorney's Eyes Only Material shall not be disclosed by defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material designated as Sensitive Disclosure Material or Attorney's Eyes Only Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is Sensitive Disclosure Material be disclosed by the defense to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) The defendants.

3. Disclosure Material that is Attorney's Eyes Only Material shall be reviewed on an "attorney's eyes only" basis.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

7. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Sensitive Disclosure Material or Attorneys Eyes Only Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material; or (ii) provide the defendants with an explanation as to why the Requested Material cannot be shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material.

3

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____        Date: 9/15/21
Elinor L. Tarlow
Assistant United States Attorney

_____            Date: 9/18/21
Richard Ma, Esq.
Counsel for Carlos Alberto Castaño-Loaiza

/s/Zawadi Baharanyi                     Date: 12/1/2021
_____
Zawadi Baharanyi, Esq.
Counsel for John Fredy Quiroz-Medina

The Clerk of Court is directed to terminate Doc. #26.

SO ORDERED:

Dated: December 6, 2021

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

4